FILED
ENTERED                           RECEIVED
                   COUNSEL/PARTIES OF RECORD

NOV 29 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
                                          DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) 3:10-cr-00002-RCJ-RAM-1 |
| vs. | ) |
| | ) |
| TERRY DALE JONES, JR., | ) **ORDER** |
| | ) |
| Defendant. | ) |
| | ) |

Defendant Terry Dale Jones, Jr. was indicted under the Major Crimes Act with one count of assault with a dangerous weapon for assaulting Jared Conklin with a knife at the Elko Indian Colony near Elko, Nevada. (*See* Indictment, Jan. 6, 2010, ECF No. 1 (citing 18 U.S.C. §§ 113(a)(3), 1151, 1153)). The government filed a Superseding Information ("SI") in open court, and Defendant waived indictment. (*See* Minutes, July 19, 2010, ECF No. 27). The SI charges Defendant with one count of burglary under state law, as assimilated into the Major Crimes Act via 18 U.S.C. § 1153(b). (*See* SI, July 17, 2010, ECF No. 29 (citing 18 U.S.C. § 1153; Nev. Rev. Stat. § 205.060)).

Defendant has filed a Motion to Use the Elko Master Jury Wheel (ECF No. 19), a Motion for Notice of Other Acts Evidence (ECF No. 20), a Motion for Disclosure of Confidential Source (ECF No. 21), a Motion to Suppress (ECF No. 22), and a Motion to Inspect Personnel Files (ECF No. 23). As noted at oral argument, the Government had already agreed to many of the Defendant's requests, and the Court had already determined to use the Elko master jury wheel. The Court rules on the motions as follows.

## I.      MOTION FOR NOTICE OF OTHER ACTS EVIDENCE (ECF No. 20)

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).  Defendant asks the Court to order the government to disclose any other-acts evidence it intends to introduce at trial.  Defendant requests disclosure one month in advance of trial and argues this is a reasonable amount of time.  The government stipulated to this request at oral argument.  The Court grants the motion.  The Government will disclose the requested information thirty (30) days before trial.  Trial is set for January 24, 2011.  Disclosure of Rule 404(b) material must therefore be made by December 25, 2010.

## II.      MOTION FOR DISCLOSURE OF CONFIDENTIAL SOURCE (ECF No. 21)

Defendant asks the Court to order the Government to disclose identifying information of a confidential informant ("CI") who was a percipient witness to the crime charged.  The government is privileged to "withhold from disclosure the identity of persons who furnish information of violations of law to officers . . . ." *Rovario v. United States*, 353 U.S. 53, 59 (1957).  The *Rovario* Court identified three exceptions, and Defendant invokes the third: "[w]here the disclosure of an informant's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* at 60.  If this test is satisfied, it is an abuse of discretion not to require disclosure. *See United States v. Rowland*, 464 F.3d 899, 903–04 (9th Cir. 2006).

> [T]he right is not absolute. "[N]o fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." The court must examine "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." The defendant's need for information must

1    be balanced against the value of ensuring the safety of informants.

2    *Id.* at 909 (citations omitted).  In order to force the disclosure of the identity of a confidential

3    informant under *Rosario*, a defendant has the burden of proving that "the information [is]

4    relevant and helpful to the defense or 'essential to a fair determination of a cause' and, further,

5    [that] on balance the public interest in keeping the identity of the informant confidential is

6    outweighed by the benefit to the defendant." *United States v. Stauffer*, 38 F.3d 1103, 1109 (9th

7    Cir. 1994) (citing *Rosario*, 353 U.S. 60–63; *United States v. Williams*, 898 F.2d 1400, 1402 (9th

8    Cir. 1990)).

9        Defendant argues that the CI in this case is a percipient witness who can provide helpful

10   testimony, and Defendant desires to give the CI's name to his investigator in order to conduct a

11   background investigation and attempt to obtain an interview.[1]  Defendant attaches to the motion a

12   copy of the FBI's FD-302 interview report, in which the CI's name and other identifying

13   information is redacted.  In the report, the CI describes having been with Jones, Conklin, and

14   others before, during, and after Jones allegedly attacked Conklin with a knife. (*See* Interview

15   Report, ECF No. 21-1).  The CI clearly has material information.  The contents of his

16   communication to the FBI is already known to the defense, but he may possess additional

17   material information, and at a minimum his identity would be helpful to the defense for the

18   purposes of investigating his background for impeachment purposes.  At oral argument, the

19   Government indicated the information had been provided.  To the extent it has not been

20   provided, the motion is granted.

21   ///

22   ///

23

24   _____

     [1]The CI does not appear to be a long-time CI who the government wishes to retain for
25   future use, such as in long-term drug interdiction investigations.  It appears he is simply a witness
     who happened to be present at the scene.

1  III.    **MOTION TO SUPPRESS (ECF No. 22)**

2          Defendant asks the Court to suppress statements he made while in custody.  The *Miranda*

3  line of cases creates a prophylactic rule preventing an agent of the government from engaging a

4  criminal suspect in custodial interrogation before informing him of his rights to remain silent, to

5  an attorney, and that anything he says may be used against him in court, and then obtaining a

6  knowing, voluntary, and intelligent waiver of those rights. *See, e.g., Doody v. Schriro*, 548 F.3d

7  847, 859–60 (9th Cir. 2009).  A person is "in custody" if a reasonable person under the

8  circumstances would not feel free to leave. *See, e.g., United States v. Medina-Villa*, 567 F.3d

9  507, 519 (9th Cir. 2009).  "Interrogation" for the purposes of *Miranda* means questions or

10  comments that are reasonably likely to elicit an incriminating response. *Rhode Island v. Innis*,

11  446 U.S. 291, 301 (1980) ("[T]he term 'interrogation' under *Miranda* refers not only to express

12  questioning, but also to any words or actions on the part of the police (other than those normally

13  attendant to arrest and custody) that the police should know are reasonably likely to elicit an

14  incriminating response from the suspect." (footnote omitted)).  Volunteered statements that are

15  not made in response to interrogation are admissible, however, even when a suspect is in custody

16  and after he invokes his rights. *Klamert v. Cupp*, 437 F.2d 1153, 1154 (9th Cir. 1970) (citing

17  *Miranda v. Arizona*, 384 U.S. 436, 478 (1966)).

18          Defendant argues that he was in custody when he surrendered to Special Agent ("SA")

19  James Bonich at the Elko County Jail on November 25, 2009 and that after Bonich read him his

20  rights, he told Bonich he didn't want to answer any questions without an attorney (thus invoking

21  the Fifth Amendment right to counsel).  SA Bonich's report, which Defendant attaches, indicates

22  that while Defendant was at the hospital for treatment after he surrendered:

23      Jones made conversation.  Jones commented that he received injuries to his back,
        arms, and was stabbed in the testicles. . . . On at least three occasions, Jones
24      volunteered that he could not remember anything from the night he was injured.
        Jones could not recall drinking on that night, but later admitted to being intoxicated.
25      SA Bonich stated he had questions for Jones, but would first read Jones his rights.

Jones stated he wanted to consult with an attorney before answering any questions. No questions were asked of Jones.

(*See* Report, Nov. 25, 2009, ECF No. 22-1).  Defendant moves to exclude these statements. Defendant was in custody when he made the statements.  Although he was at the hospital, and not in jail, a reasonable person would not feel free to leave after having surrendered to the FBI and having been escorted to the hospital by a special agent who remained with him.  However, none of his statements were made in response to interrogation.  Defendant correctly argues that his invocation of the right to an attorney during questioning prevented any questioning by SA Bonich, but he made his statements before any questioning occurred.  According to SA Bonich's report—which Defendant does not appear to dispute—Defendant volunteered his statements before any questioning.  Defendant does not allege that his statements were made in response to direct questions or other statements reasonably likely to elicit incriminating responses.  When SA Bonich expressed a desire to question Defendant, Defendant invoked his right to counsel, which prompted SA Bonich to scrupulously honor Defendant's rights by refraining from questioning him.  Perhaps Defendant wishes to dispute the facts, but he has not done so in the present motion.

Defendant also alleges his statements were not voluntary.  Regardless of the *Miranda* rule, the Due Process Clause of the Fourteenth Amendment directly prohibits the admission of a defendant's coerced confession against him. *See Payne v. Arkansas*, 356 U.S. 560, 561 (1958). In his motion, Defendant recites the law of involuntary confessions but neither identifies a statement to exclude nor argues why the statements were involuntary.  There is no allegation or evidence of physical abuse, promises, or other coercion.

Ultimately, Defendant withdrew the motion at oral argument, without prejudice, so the Court will not make a ruling on the motion at this time.

///

///

1   **IV.    MOTION TO INSPECT PERSONNEL FILES (ECF No. 23)**

2         Defendant asks the Court to order the government to disclose the personnel files of any

3   federal law enforcement officers it intends to call at trial, including tribal officers, to the extent

4   they were commissioned as federal officers pursuant to 25 C.F.R. § 12.21.  The five officers at

5   issue are: SA William M. Coochyouma of the BIA; SAs James Bonich and Jason Benedetti of

6   the FBI; and Officers Mike Place and Beth Johnson of the Western Shoshone Department of

7   Public Safety.

8         If a Defendant demands the personnel file of a government agent, *Brady* requires the

9   prosecution to review the personnel file and disclose material relevant to impeachment, and if the

10  government is uncertain about the materiality of information in the file, it must submit it to the

11  Court for in camera review. *United States v. Henthorn*, 931 F.2d 29, 30–31 (9th Cir. 1991).  A

12  defendant need make no initial showing of materiality. *Id.* at 31.  Separation of powers

13  principles, however, prevent a court from demanding that the Assistant United States Attorney

14  assigned to the case personally review the files. *United States v. Jennings*, 960 F.2d 1488,

15  1490–92 (9th Cir. 1992).

16        The Court grants the motion in part.  The Government must conduct a *Henthorn* review

17  of the files of the named officers, disclose to the defense information relevant to impeachment,

18  and submit any doubtfully material information to the Court for in camera review.  The Court

19  will not, however, require the Government to turn over the complete files, as Defendant requests.

20                                    **CONCLUSION**

21        IT IS HEREBY ORDERED that the Motion to Use the Elko Master Jury Wheel (ECF

22  No. 19) is GRANTED.

23        IT IS FURTHER ORDERED that the Motion for Notice of Other Acts Evidence (ECF

24  No. 20) is GRANTED.

25        IT IS FURTHER ORDERED that the Motion for Disclosure of Confidential Source (ECF

1   No. 21) is GRANTED.

2        IT IS FURTHER ORDERED that the Motion to Suppress (ECF No. 22) is

3   WITHDRAWN, without prejudice.

4        IT IS FURTHER ORDERED that the Motion to Inspect Personnel Files (ECF No. 23) is

5   GRANTED in part and DENIED in part.

6        IT IS SO ORDERED.

7

8        Dated this 29th day of November, 2010.

9

10                              ROBERT C. JONES
                              United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25